ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
 I. INTRODUCTION
This matter is before the court on the motion of Defendant Department of Revenue (department) to dismiss the case. The motion is based on the position that the court should not permit Plaintiff (taxpayer) to proceed to a hearing on the merits as Plaintiff has not shown good cause for both the failure of her representative to attend a case management conference and the failure of her representative to timely explain his failure to attend the case management conference. On October 24, 2011, a hearing on the motion was held at which evidence was taken.
 II. FACTS
The facts established at the hearing were that taxpayer's representative received notice of the hearing scheduled in the Magistrate Division, on which were printed the instructions for participation in the telephone conference. Taxpayer's representative, a certified public accountant, asserted he did not get proper and timely notice of the conference. The representative *Page 2 
testified that he called the court 11 minutes after the scheduled phone conference and spoke with a staff person about his late call. The court takes judicial notice of the official record of the court on these matters, the Oregon Judicial Information Network (OJIN), and the practices of staff in the Magistrate Division. The practices of the staff are to record in OJIN any phone call that is related to a case. There is no entry for a call from the representative on the day of the hearing. Further, there is also evidence that the representative was busy with another client at the time for the conference, a busy time of year for accountants. (Def's Ex F.)
The court does not find the representative to be credible on these matters and finds that the representative had notice of the case management conference and did not attend by phone because of the press of other work or through neglect.
After missing the scheduled case management conference, the representative received a letter from the court, sent on March 9, 2011, stating that he needed to explain his failure to attend the conference before March 23, 2011. The representative testified that during tax return preparation season he does not open his mail except on weekends. In any event, the representative did not communicate with the court until he wrote a letter on March 28, 2011. The magistrate to whom the case was assigned dismissed the case on March 31, 2011.
 III. ISSUE
Has good cause been shown why taxpayer's case should not be dismissed?
 IV. ANALYSIS
The court proceeds with its review in accordance with the decision in Spears, et al. v. Department ofRevenue, ___ OTR ___ (Apr 2, 2010) (slip op at 2). The court considers first only the question of good cause, but considers that in light of the evidence presented at the hearing and on ade novo basis. *Page 3 
A person choosing to be represented in the Magistrate or Regular Divisions of the court is bound by the actions and omissions of that representative. ORS 305.230(3).[1] On this record the court concludes that taxpayer has not shown that good cause existed for the failure by her representative to either attend the March 9, 2011, case management conference or to explain that failure in a timely manner.
The reasons given for these failures have to do entirely with the representative taking on a representation and then allowing other business matters to keep him from following the rules and requirements of litigation in this court. If busy schedules of representatives were adequate excuses for failure to appear or explain actions, the work of this court in addressing in a timely fashion the cases before it would or could be significantly and adversely affected.
 V. CONCLUSION
The Motion to Dismiss of the department is granted and the case is dismissed.
Now, therefore,
IT IS ORDERED that Defendant's Motion to Dismiss is granted.
Dated this ___ day of November, 2011.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPTON NOVEMBER 15, 2011, AND FILED THE SAME DAY. THIS IS A PUBLISHEDDOCUMENT.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1